■ RICHARD CORSETTI, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HENRIETTA, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Six years ago petitioner acquired property approximately 130 feet by 200 feet located on West Henrietta Road in the Town of Henrietta. The property was originally zoned residential but in 1956 a variance was obtained to permit its use for a gas station. The gas station has been vacant for several years but it is alleged that petitioner is negotiating with a prospective tenant. For the last four or five years petitioner has used the premises to store and make minor repairs on the garbage trucks which he uses in his garbage disposal business. In 1975 the town adopted an ordinance which, in effect, prohibited the overnight parking on the property of petitioner's garbage trucks. Petitioner applied for a special exception permit which would authorize the continued parking of his trucks and his application was denied by respondent. This article 78 proceeding followed. Respondent's denial was not arbitrary. Under certain circumstances, the applicable ordinance (Zoning Ordinance, § 39–45) permits the respondent to grant a special exception to prohibited uses for not more than two years for "temporary structures and uses". However, petitioner does not contend that the use would be temporary and it is clear from the record that he does not seek temporary permission but rather a permanent change in zoning. By his own testimony petitioner has been in the garbage business 20 years and has used the subject premises for storage and repair of his garbage trucks for at least four or five years. Clearly, petitioner desires a permanent change in zoning, relief which must be obtained by variance or legislative amendment, relief which respondent could not give by way of special exception under this ordinance (see, also, 2 Anderson, New York Zoning Law & Practice, § 19.01 *et seq.*). We find no merit in petitioner's contention that he had a lawful pre-existing nonconforming use. His

prior storage of the trucks violated the permitted uses under the then existing zoning of the property (see *Rochester Poster Adv. Co. v Town of Penfield,* 46 AD2d 726). (Appeal from judgment of Monroe Supreme Court— article 78.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.